Bay, J.
said, that it appeared to him, that the conduct of Lewis, in the first instance, was fraudulent, in the manner and for the reasons stated by the plaintiff’s counsel. That if the jury should be of the same opinion with him, they might consider Lewis’s grant (although the first) void as far as it affected Tarrant’s survey. That with respect to the subsequent conduct of Lewis, who was in the neighbour-hood, and saw Tarrant erecting his mill, under an impression that the land was included in his grant, without once hinting that the land was his, or forbidding him from going on, was, of itself, such a conduct, even if there had been no-fraud in the survey, as would have forfeiced his claim to the land in question.* Therefore, in either point of view, whether the jury consider the fraud in the survey, or the *242 culpable neglect or omission afterwards, the plaintiff wav certainly entitled to a verdict.
Desamsure and Calhoun, for plaintiff.
Ramsay and Carnes, for defendant.
The jury found a verdict accordingly.
A new trial was afterwards had by consent, when a second verdict confirmed the title of the land in the plaintiff.

 See this doctrine maintained bj" Lord Chancellor Si’retiT-iiliis, 2 -hb "? ilia East-hulia Vhiwt.